IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-437-BO-RN

| | |
|---|---|
| LABORATORY CORPORATION OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) ASL-DEN, LLC f/k/a APP-UNIPATH, LLC) d/b/a UNIPATH; and ATHANASSIOS ) PAPAIOANU, ) ) Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint and motion to strike plaintiff's amended complaint. The appropriate responses and replies have been filed, or the time for filing as expired, and in this posture the motions are ripe for ruling.

## BACKGROUND

Plaintiff commenced this action by filing a complaint on October 31, 2022, alleging claims for breach of a purchase agreement; breach of restrictive covenant agreements; federal unfair competition, false representation, and false designation of origin under the Lanham Act; and unfair and deceptive trade practices. [DE 1]. On January 6, 2023, defendants moved to dismiss pursuant to Rules 12(b)(1), (b)(2), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a consent motion for extension of time to respond to the motion to dismiss which was allowed, and plaintiff was permitted through and including February 24, 2023, to respond. On February 24, 2023, plaintiff filed an amended complaint. Defendants have moved to strike plaintiff's amended

complaint, arguing that it was filed outside the time provided by the Federal Rules of Civil Procedure and otherwise without leave of court.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Defendants seek to strike plaintiff's amended complaint in its entirety as having been improperly filed.

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service of a motion pursuant to Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). In this circuit, courts typically construe extensions of time to "respond" to a Rule 12(b) motion to encompass an extension of time to amend under Rule 15(a). *See, e.g., Gebhart v. Cigna Health & Life Ins. Co.*, No. 322CV00582GCMDSC, 2023 WL 1481542, at *1 (W.D.N.C. Feb. 2, 2023) ("An extension of time to respond to a motion to dismiss extends the time to amend as a matter of course."). Accordingly, the Court finds plaintiff's amended complaint to have been timely filed.

Because a properly filed amended complaint supersedes the original complaint, *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), defendants' motion to dismiss the original complaint is moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to strike the amended complaint [DE 23] is DENIED. Defendants' motion to dismiss the original complaint [DE 12] is DENIED AS MOOT.

SO ORDERED, this 25 day of August 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE